UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

SGK ENERGY, LLC,

        Plaintiff,

-against-

ENERGY SYSTEMS AND INSTALLATIONS, INC.,
and COREY C. WOLFF, individually

        Defendants
----------------------------------------X

INDEX NO. 15c-2691

AMENDED COMPLAINT

Plaintiff, by its attorneys, Beattie & Krahulik, for its complaint herein, respectfully shows and alleges to this Court:

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

1. That Plaintiff SGK Energy, LLC was and is a Delaware limited liability company duly authorized as a foreign limited liability company to do business in New York State, with a principal place of business at 34 Bella Vista Avenue, Belvedere, CA 94920 ("SGK").

2. That ESI Energy Systems and Installations, Inc. was a Pennsylvania corporation with its principal place of business at 2632 State Route 72, Jonestown, PA 17038 ("ESI").

3. That at all times hereinafter mentioned, Corey C. Wolff was the President of ESI residing in the State of Pennsylvania ("Wolff").

4. That on or about August 1, 2013, Plaintiff entered into a certain Engineering, Procurement and Construction Agreement (the "Agreement" or the "EPC Agreement") with ESI for the construction of eleven (11) photovoltaic systems

1

(solar panels) with the following property owners (the "Property Owners") at the following locations throughout the County of Orange, State of New York (the "Facilities") :

a. Gerick Associates, LLC
   101 Celery Avenue
   New Hampton, NY 10958

b. Rick Minkus Farms
   291 Celery Avenue
   New Hampton, NY 10958

c. Davandjer Farms
   35 Davandher Lane
   Pine Island, NY 10969

d. J. Glebocki Farms
   19 Maloney Lane
   Goshen, New York 10924

e. Dagele Bros Produce ("Dagele 1")
   29 Stream Drive
   Florida, New York 10969

f. Dagele Bros Produce ("Dagele 2")
   29 Stream Drive
   Florida, New York 10969

g. LJM Growers, LLC ("LJM 1")
   33-35 Maloney Lane
   Goshen, NY 10924

h. LJM Growers, LLC ("LJM 2")
   33-35 Maloney Lane
   Goshen, NY 10924

i. A.J. Cavallaro & Sons, Inc. (Cavallaro 1)
   442 Big Island Road
   Goshen, NY 10924

j. A.J. Cavallaro & Sons, Inc. (Cavallaro 2)
   442 Big Island Road
   Goshen, NY 10924

2

k.  A.J. Cavallaro & Sons, Inc. (Cavallaro 3)
    442 Big Island Road
    Goshen, NY  10924

5.  Pursuant to the terms of the Agreement, ESI agreed, in accordance with generally accepted engineering and construction practices, in accordance with New York State energy Research and Development Authority's ("NYSERDA's") Solar Photovoltaic Program Opportunity Notice (PON 2012) and in accordance with the Solar PC Program Manual, to furnish and pay for all work, labor, materials, services, equipment, permits, tools, lights, scaffolding, hoisting, power, details, computations, drawings, schedules, and all other facilities and agreed to assume, perform and furnish everything necessary for the design, engineering, construction, commissioning, start-up, demonstration, testing, completion and monitoring of the Facilities as more fully set forth within the Agreement.

6.  ESI agreed to complete the work on or before December 31, 2013, with the completion date being time of the essence.

7.  ESI failed to perform the work required under the terms of the EPC Agreement.

8.  On or about February 11, 2014, the Plaintiff delivered, by its attorney Beattie & Krahulik, a Notice of Default and offered ESI an opportunity to cure the default pursuant to the terms of the EPC Agreement.

9.  ESI failed to cure the default.

10. On or about August 22, 2014, the Plaintiff, by its attorneys Beattie & Krahulik, delivered a second Notice of Default and offered ESI another opportunity to cure pursuant to the EPC Agreement.

3

11. ESI failed to cure pursuant to the terms of the Agreement.

12. On or about October 1, 2014, Plaintiff delivered a Notice to ESI terminating the EPC Agreement, and Plaintiff took possession of the Facilities.

13. As a result of ESI's default, Plaintiff has incurred or will incur damages in the amount of $780,802.00.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

14. Plaintiff repeats and alleges paragraph numbers 1 through 12 herein.

15. On or about November 1, 2013, ESI subcontracted all or a portion of the work to be performed pursuant to the EPC Agreement to BAM Construction Group, LLC ("BAM").

16. The terms of the EPC Agreement prohibited ESI from subcontracting any of the work to be performed without first obtaining the prior written consent of Plaintiff.

17. ESI never obtained the written consent of Plaintiff to subcontract the work.

18. At no time did Plaintiff consent to the subcontracting of the work.

19. ESI was unable and/or refused to pay BAM for the work performed.

20. Upon information and belief, beginning in February of 2014, mechanic's liens were filed by BAM against the owners of the real property (the "Property Owners") upon which the Facilities were constructed at the following locations:

Gerick Associates, LLC
101 Celery Avenue
New Hampton, NY  10958

Rick Minkus Farms
291 Celery Avenue
New Hampton, NY  10958

4

Davandjer Farms
35 Davandher Lane
Pine Island, NY 10969

J. Glebocki Farms
19 Maloney Lane
Goshen, New York 10924

Dagele Bros Produce ("Dagele 1")
29 Stream Drive
Florida, New York 10969

Dagele Bros Produce ("Dagele 2")
29 Stream Drive
Florida, New York 10969

LJM Growers, LLC ("LJM 1")
33-35 Maloney Lane
Goshen, NY 10924

LJM Growers, LLC ("LJM 2")
33-35 Maloney Lane
Goshen, NY 10924

21. On or about August 22, 2014, Plaintiff, through its attorney Beattie & Krahulik, served a demand upon ESI directing ESI to either satisfy, or bond if necessary, and to have the mechanic's liens discharged.

22. Plaintiff afforded ESI a reasonable opportunity to do so pursuant to the terms of the EPC Agreement.

23. ESI failed, and to this date has continued to fail, to either satisfy the liens or have the liens bonded or discharged against any of the properties as required under Section 9 of the EPC Agreement.

5

24. By reason of ESI's failure to satisfy or bond the mechanic's liens, Plaintiff has incurred or will incur damages in the amount of $154,037.00.

25. As a result of ESI and Wolff conduct, Plaintiff will incur irreparable injury for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION – MISREPRESENTATION AND FRAUD

26. Plaintiff repeats and alleges paragraph numbers 1 through 12 herein.

27. That Wolff and ESI, its employees, agents and officers made material misrepresentations.

28. Specifically, Wolff and/or ESI, its employees, agents and officers made the following misrepresentations:

29. Wolff specifically represented to the Plaintiff that ESI, its employees, agents and officers were well experienced in the construction of photovoltaic systems.

30. That Wolff specifically represented to the Plaintiff the ESI could substantially complete the work on or before December 31, 2013.

31. Wolff specifically represented that ESI, its employees, agents and officers were familiar with the specifications and requirements of the New York State Energy Research and Development Authority.

32. Wolff specifically represented that ESI, its employees, agents and officers were knowledgeable experts in the financial viability of the Facilities under the New York State statutory and regulatory framework with respect to rate structure relative to the procurement and distribution of electricity.

6

33. Wolff specifically represented that ESI, its employees, agents and officers were knowledgeable experts in federal and New York State grants, asset depreciation schedules and tax credits available for the installation of the Facilities in New York State.

34. Wolff expressly represented that ESI had in its possession the material and equipment required to construct the Facilities in accordance with the EPC Agreement plans and specifications.

35. Upon inquiry of the status of the installations, on October 29, 2013, Wolff expressly stated that building permits for the facilities had been obtained.

36. Wolff represented that ESI would be performing the Work at all of the Facilities and that ESI would not be subcontracting the work to other contractors.

37. Wolff expressly represented the ESI employees were on site performing work to complete the Facilities

38. Wolff represented that all of the Facilities had achieved 'substantial completion' on or about December 31, 2013.

39. That the representations made by Wolff on behalf of ESI were material.

40. That the representations made by Wolff were relied upon by the plaintiff and induced it to enter into the EPC Agreement.

41. That the representations made by Wolff were relied upon by the Plaintiff with respect to the election and use of certain tax credits available to Plaintiff.

42. That the representations made by Wolff were false and were known by Wolff to be false at the time they were made.

43. The representations were made with the intent that the Plaintiff would act upon it.

7

44. The Plaintiff did in fact act upon it.

45. Plaintiff was fraudulently induced to enter into the EPC Agreement.

46. Plaintiff was fraudulently induced into making a milestone payment of $474,000.00 upon achieving 'substantial completion'.

47. As a result of ESI and Wolff's false representations and fraudulent conduct, the plaintiff has suffered damages in an amount of $780,802.00.

48. ESI and Wolff are also liable to Plaintiff for punitive damages.

## FOURTH CAUSE OF ACTION – TORTIOUS INTERFERENCE OF CONTRACT

49. Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

50. Plaintiff is the beneficiary of a number Solar Power Purchase Agreement and Easements, which require the Property Owners to pay Plaintiff for electrical energy produced by the Facilities.

51. ESI and/or ESI's subcontractors failed to install the Facilities in a good and workmanlike manner.

52. ESI and/or ESI's subcontractors failed to install the Facilities in accordance with the NYSERDA's Solar Photovoltaic Program Opportunity Notice (PON 2012) and in accordance with the Solar PC Program Manual.

53. Upon information and belief, ESI failed to pay its subcontractors all work, labor, materials, and services performed by its subcontractors.

54. Upon information and belief, ESI and or its subcontractors caused damage to the buildings on which the Facilities were installed.

55. Upon information and belief, several of the Property Owners on whose property the Facilities were installed, became so dissatisfied with poor workmanship, delays and damage caused by ESI and it subcontractors that they prohibited ESI from continuing with the installation of several of the Facilities.

56. In order to satisfy and accommodate the Property Owners, Wolff and/or the officers, employees or agents of ESI, without the knowledge, consent or permission of the Plaintiff, offered the Property Owners a six (6) month credit from photovoltaic electric service relieving the property owners from any obligation to pay for photovoltaic electric service pursuant to the terms of the Solar Power Purchase Agreements.

57. Wolff and ESI knew of the existence and contractual requirements under the Solar Power Purchase Agreements.

58. As a result of ESI's conduct, Plaintiffs have incurred damages, which include, but area not limited to, pecuniary loss and the loss of opportunities to make substantial profits from the contract in the amount of $ 80,000.00.

59. Wolff and ESI are therefore liable for the tort of tortious interference with a contract.

60. As a result of ESI and Wolff conduct, Plaintiff will incur irreparable injury for which there is no adequate remedy at law.

61. ESI and Wolff are also liable to Plaintiff for punitive damages.

## FIFTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

62. Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

63. Pursuant to the terms of the EPC Agreement and the Solar Power Purchase Agreements, ESI and Wolff assumed a fiduciary duty with respect to Plaintiff and the Property Owners.

64. ESI and Wolff breached their fiduciary duty and as a result Plaintiff will incur irreparable injury for which there is no adequate remedy at law. As a result of ESI's conduct, Plaintiffs have incurred damages, which include, but are not limited to, pecuniary loss and the loss of opportunities to make substantial profits from the contract in the amount of $ 35,000.00.

65. ESI and Wolff are also liable to Plaintiff for punitive damages.

## SIXTH CAUSE OF ACTION –FRAUD, BREACH OF CONTRACT

66. Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

67. Wolff represented that all systems had achieved "substantial completion" as of December 31 and induced SGK to make an early payment under the EPC Agreement of $474,000.00 (the "Pre-Payment").

68. The December 31, 2013 Pre-Payment of $474,000.00 otherwise would not have been due until October 16, 2014 had the Facilities been constructed on accordance with the EPC Agreement specifications.

69. In exchange for SGK's agreement to make the $474,000.00 Pre-Payment, ESI agreed to lend SGK the sum of $350,000.00 within 5 business days of the receipt of the Pre-Payment.

70. Wolff represented that ESI had the ability to advance the $350,000.00 loan proceeds.

71. The representation made by Wolff was material.

72. The representation made by Wolff was relied upon by the Plaintiff and induced it to Pre Pay the $474,000.00.

73. The representation made by Wolff were false and were know by Wolff to be false at the time they were made.

74. That the representations were made with the intent that the Plaintiff would act upon it.

75. The Plaintiff did in fact act upon it.

76. ESI failed to advance the $350,000.00 in loan proceeds.

77. Acknowledging the inability to advance the $350,000.00 in loan proceeds, Wolff promised to pay 10% per annum as compensation to SGK on account of his inability to advance the loan proceeds.

78. As a result of ESI inability to advance the loan proceeds or pay the 10% compensation, SGK has been damaged in the amount of $35,000.00.

## SEVENTH CAUSE OF ACTION – FRAUD, BREACH OF CONTRACT

79. Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

80. Construction of the Facilities pursuant to the terms of the EPC Agreement was partially funded through grants provided by NYSERDA who oversaw construction of the Facilities.

81. Beginning on or about June 10, 2014, the Cadmus Group, Inc. ("Cadmus"), on behalf of NYSERDA, performed quality control inspections of the Facilities.

11

82. Beginning July 9, 2014, SGK began to receive notices from NYSERDA of substantial construction and safety defects affecting the Facilities.

83. Specifically, on July 9, 2014 SGK received correspondense from Kim Lenihan, Program Manager Quality, Standards & Compliance, Residential Energy Services of NYSERDA with an accompanying inspection report identified as 5045-32709-1 Myruski III (the "Myruski III Report".

84. The Myruski III Facility field inspection received a failing score requiring immediate corrective action on the part of ESI.

85. NYSERDA offered ESI a 30 day opportunity to take corrective action.

86. Subsequently, SGK received three (3) more NYSERDA field inspection reports; inspection report 5045-29945-1 (the "Gurda Report"), 5045-29232-1 (the "Minkus Report") and 5045-31142-1 (the "Cavallaro Report").

87. The Gurda, Minkus and Cavallaro Reports detailed field inspections wherein all three received failing scores per NYSERDA requiring immediate corrective action.

88. NYSERDA again offered ESI a 30 day opportunity to take corrective action.

89. ESI failed to perform the required corrective action required by NYSERDA

90. In response to the NYSERDA field inspections ESI and Wolff made representations to both SGK and NYSERDA that corrective action had been or would be taken with respect to the Facilities.

91. Upon information and belief, those representations included a narrative report of the corrective action together with photographs submitted to Cadmus and/or NYSERDA.

12

92. Specifically, Wolff and ESI represented that certain work had been performed or would be performed when in fact it had not and would not be performed.

93. Specifically, Wolff and ESI delivered photographs to SGK and NYSERDA depicting the completion of completed work when the work had in fact not been completed.

94. The representations made by Wolff and ESI were material.

95. The representations made by Wolff and ESI were relied upon by NYSERDA and SGK.

96. The representations made by Wolff and ESQ were false and known by Wolff and ESI to be false at the time they were made.

97. The representations were made with the intent that SGK and NYSERDA would act upon it.

98. Both SGK and NYSERDA did act upon it.

99. Relying on the representations, NYSERDA subsequently issued passing results for the Myruski, Gurda, Cavallaro and Minkus Facilities.

100. NYSERDA was fraudulently induced into issue the passing results for the Facilities.

101. Subsequently, throughout first and second quarter of 2015, SGK separately retained the services of Cadmus to inspect the Facilities (the 'Remedial Inspections").

102. Cadmus completed Remedial Inspections in July of 2015 at a cost of $35,000.00.

13

103. The Remedial Inspections identified construction defects, improper equipment, safety issues affecting the facilities.

104. The Remedial Inspections reveal that ESI did not in fact make the repairs required by the NYSERDA quality control inspections.

105. As a result of ESI and Wolff's false representations and fraudulent conduct, the plaintiff has suffered damages in the amount of $75,000.00.

## EIGTH CAUSE OF ACTION – BREACH OF CONTRACT

106. Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

107. Pursuant to the terms of the Agreement, ESI agreed to provide operational and maintenance services ("O&M Services") during the first six (6) of operation of the Facilities.

108. ESI has defaulted under the Agreement and is unable to perform the O&M Services.

109. SGK will have to hire new O&M Service providers.

110. As a result of ESI's breach of contract, Plaintiff will incur damages in the amount of $42,500.00.

## NINTH CAUSE OF ACTION – BREACH OF CONTRACT

111. Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

112. Pursuant to the terms of the Agreement, ESI agreed to determine whether each and every facility had access to a landline router as part of their due diligence and before commencement of construction of any Facility.

14

113.  The Minkus/Gerrick property owner did not have internet access.

114.  ESI has defaulted under the Agreement by failing to identify this fact with respect to the Minkus/Gerrick Facility.

115.  SGK will incur the expense of installation and maintenance of a wireless gateway device and will have to pay for monthly data service in order to monitor this Facklity.

116.  As a result of ESI's breach of contract, Plaintiff will incur damages in the amount of $3,900.00.

## TENTH CAUSE OF ACTION – BREACH OF CONTRACT

117.  Plaintiff repeats and reiterates each and every paragraph designated Paragraphs 1 through 12 hereinabove as though fully set forth hereinbelow.

118.  Pursuant to the terms of the Agreement, ESI agreed to install Deck monitoring system or other equal or higher quality Revenue Grade monitoring system at each Facility.

119.  ESI installed substandard non-Revenue Grade monitoring systems.

120.  ESI has defaulted under the Agreement by failing to install Deck or other Revenue Grade monitoring devices.

121.  SGK will incur the expense of replacing the monitoring systems with Revenue Grade monitoring devices.

122.  As a result of ESI's breach of contract, Plaintiff will incur damages in the amount of $48,000.

WHEREFORE, Plaintiff demands judgment against ESI:

1. Judgment against ESI for the sum of $780,802.00 under its First Cause of Action for breach of contract for the value of its performance, actual and compensatory damages, and a permanent injunction as described below.

2. Judgment against ESI the sum of $154,037.00 under its Second Cause of Action for breach of contract for the value of its performance, actual and compensatory damages, and a permanent injunction as described below.

3. Judgment against ESI and Wolff for the sum of $780,802.00 under its Third Cause of Action ESI's fraud for actual, compensatory, and consequential damages and $1,000,000.00 in punitive damages and a permanent injunction as described below.

4. Judgment against ESI and Wolff for the sum of $80,000.00 under its Fourth Cause of Action for tortious interference of contract for actual, compensatory, and consequential damages and $1,000,000.00 in punitive damages and a permanent injunction as described below.

5. Judgment against ESI and Wolff for the sum of $35,000.00 under its Fifth Cause of Action for breach of fiduciary duty for actual, compensatory and consequential damages and $1,000,000.00 in punitive damages and a permanent injunction as described below.

6. Judgment against ESI and Wolff for the sum of $35,000.00 under its Sixth Cause of Action for breach of fiduciary duty for actual, compensatory and consequential damages.

7. Judgment against ESI and Wolff for the sum of $75,000.00 under its Seventh Cause of Action for breach of fiduciary duty for actual, compensatory and consequential damages and $1,000,000.00 in punitive damages.

8. Judgment against ESI for the sum of 42,500.00 under its Eighth Cause of Action for breach of contract.

9. Judgment against ESI for the sum of $3,900.00 under its Ninth Cause of Action for breach of contract.

10. Judgment against ESI for the sum of $48,000.00 under its Tenth Cause of Action for breach of contract.

11. Judgment against ESI and Wolff requiring specific performance of the terms of the EPC Agreement compelling ESI and Wolff to satisfy, discharge or bond the mechanics liens filed against the Facilities.

12. A temporary and permanent injunction a) enjoining ESI and Wolff from entering upon the real property of the Property Owners and performing any work or service to the Facilities, and b) enjoining ESI and Wolff from negotiating any further discounts or otherwise modifying the terms of the Solar Power Purchase Agreements.

13. For reasonable attorney's fees, costs and disbursements herein.

14. For such other and further legal and equitable relief as the Court may deem just and proper.

Dated: Warwick, New York
August 19, 2015

_____
Robert E. Krahulik, Esq. (REK 9906)
BEATTIE & KRAHULIK
Attorneys for Plaintiff
2 Bank Street
Warwick, NY 10990
(845) 986-1156